Pineda v New York City Health & Hosps. Corp.

2026 NY Slip Op 02349

April 16, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Jovita Pineda, etc., Plaintiff-Appellant,

v

New York City Health And Hospitals Corporation, et al., Defendants-Respondents.

Decided and Entered: April 16, 2026

Index No. 32274/18|Appeal No. 6378|Case No. 2025-00389|

Before: Moulton, J.P., Scarpulla, Shulman, Rodriguez, Michael, JJ.

Law Offices of Joseph M. Lichtenstein, P.C., Mineola (T. McKeinley Thornton of counsel), for appellant.

Fullerton Beck, LLP, White Plains (Brandon Berkowski of counsel), for Empress Ambulance Serive, Inc., Empress Ambulance Service, LLC, and Emergacare NY, LLC, respondents.

Muriel Goode-Trufant, Corporation Counsel, New York (Jonathan Schoepp-Wong of counsel), for New York City Health and Hospitals Corporation, respondent.

[*1]

Order, Supreme Court, Bronx County (Alicia Gerez, J.), entered December 19, 2024, which, to the extent appealed from, granted the motion of defendants Empress Ambulance Service, Inc., Empress Ambulance Service LLC, and Emergacare NY, LLC's (collectively Empress) for summary judgment dismissing plaintiff's complaint against it and granted defendant New York City Health and Hospital Corporation (NYCHHC)'s motion for summary judgment to the extent of dismissing the lack of informed consent claim, as well as any claims regarding the conservative treatment rendered at Jacobi Hospital to plaintiff's ward Jovinard Pineda (Pineda), that Pineda was not a candidate for electroconvulsive therapy (ECT), and that NYCHCC deviated from the standard of care in the decision to transfer Pineda to another hospital, unanimously affirmed, without costs.

Empress made a prima facie showing that it was entitled to summary judgment with submission of affidavits in which its experts opined that in cases of hospital transfers of patients, it is the decision of the transferring facility, here Jacobi, as to whether a patient requires restraints. While plaintiff's expert stated that Empress was required to ask Pineda whether he was suicidal and refuse to transport him absent physical or chemical restraints, this statement is unsupported by any rule, protocol, or standard. New York Mental Hygiene Law § 33.04 and Department of Mental Hygiene Regulations (14 NYCRR) § 526.4, provide the limited circumstances under which a patient can be restrained, none of which was applicable to the transfer at issue. Moreover, plaintiff's expert's opinion is premised upon the claim that Pineda, if asked whether he was suicidal, would have answered in the affirmative. This assertion is contradicted by the record, which demonstrates that Pineda was cooperative, alert, and coherent at the time of his transfer, denying any homicidal or suicidal ideations. The motion court properlyly found the expert's opinion to be conclusory and unsupported and thus insufficient to rebut Empress' showing (see Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]; Coronel v New York City Health & Hosps. Corp., 47 AD3d 456, 457 [1st Dept 2008]).

[*2]

The court properly granted NYCHHC's motion to the extent of dismissing the lack of informed consent claim, as well as any claims regarding the conservative treatment rendered at Jacobi to plaintiff's ward Jovinard Pineda, that Pineda was not a candidate for ECT, and that NYCHCC deviated from the standard of care in the decision to transfer Pineda to another hospital. Plaintiff's expert failed to address those claims concerning Pineda's treatment at Jacobi and its decision that Pineda should be transferred for ECT treatment at Montefiore. While the expert averred that Jacobi's failure to obtain a written informed consent prior to transfer was a deviation from the standard of care and thus malpractice, that conflation of the two distinct claims is not legally supportable. In any event, the procedure was never performed, and thus any claim arising from a claimed lack of informed consent necessarily fails (see Public Health Law § 2805-d[1], [3]; Schkolnik v Hospital for Joint Diseases Orthopaedic Institute, 211 AD2d 347 [1st Dept 1995], lv denied 87 NY2d 895 [1995]; see also Buchheim v Sanghavi, 299 AD2d 229 [1st Dept 2002], lv denied 100 NY2d 506 [2003]).

THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 16, 2026